**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WESLEY RAY GIBSON, 1363214,** | ) | |
| **A/K/A WESLEY RAY ROGERS** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-3270-P |
| | ) | |
| **WILLIAM STEPHENS,  Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case:**

This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.  On January 25, 2013, Petitioner also filed a motion for leave to file a Fed. R. Civ. P. 60(b) motion.

**Parties:**

Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID").  Respondent is William Stephens, Director of the TDCJ-CID.

**Statement of the Case:**

Petitioner challenges his October 4, 1994, Hunt County, Texas, convictions for DWI, cause number 17594, and failure to appear, cause number 17713.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**

Petitioner argues:

1.      His convictions violate the Ex Post Facto Clause;

2.      The Texas Court of Criminal Appeals wrongfully denied relief on his claims;

3.      He received ineffective assistance of counsel when his counsel failed to argue an ex
post facto violation; and

4.      His conviction for failure to appear was improperly enhanced.

On March 31, 2008, Petitioner filed a federal § 2254 petition attacking a Kaufman County
conviction.  The Hunt County convictions challenged in this case were used for enhancement and
for habitual offender status in the Kaufman County case.  *See Wesley Ray Rogers v. Nathaniel
Quarterman*, 3:08-CV-554-G (N.D. Tex, Dallas Division).  Petitioner challenged his Hunt County
convictions in this Kaufman County § 2254 petition.  On July 7, 2009, the petition was denied on
the merits.  On March 5, 2010, the Fifth Circuit Court of Appeals denied a certificate of
appealability.

**Discussion:**

**1.      Successive Petition**

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under
which a federal prisoner may file a second or successive motion for post-conviction relief.
ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996).  An
application is second or successive when it: (1) raises a claim challenging the petitioner's conviction
or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an
abuse of the writ.  *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

In this case, Petitioner raised claims in his earlier federal petition attacking his Hunt County convictions. He also could have raised his current claims in that petition. His current petition is therefore successive.

A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**2.     Rule 60(b) Motion**

On January 25, 2013, Petitioner filed a motion for leave to file a Rule 60(b) motion. Petitioner's Rule 60(b) motion challenges his state convictions. A Rule 60(b) motion which raises claims for relief rather than challenges to defects in the federal habeas corpus proceeding, is treated as a successive habeas corpus petition subject to 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). Petitioner's motion for leave to file a Rule 60(b) motion should therefore be transferred to the Fifth Circuit.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and Petitioner's motion for leave to file a Rule 60(b) motion be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 25th day of June, 2013.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).