IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WESLEY RAY GIBSON,<br>ID # 652860, a.k.a. Wesley Ray Rogers,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 12-CV-3270-P |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

In this federal petition for writ of habeas corpus filed in August 2012 pursuant to 28 U.S.C. § 2254, Petitioner challenges his 1994 convictions for DWI (Cause No. 17,594) and for failure to appear (Cause No. 17,713) in Hunt County, Texas. (*See* Pet., doc. 1.) In January 2013, Petitioner moved for leave to file a motion under Fed. R. Civ. P. 60(b) to show that the state judgments of these convictions are void. (*See* Pet'r Request Permission for Leave of Court, doc. 25.) On June 25, 2013, the assigned Magistrate Judge issued Findings, Conclusions, and Recommendation in which he recommended that the Court transfer the instant § 2254 petition and the motion for leave to file a Rule 60(b) motion to the Fifth Circuit Court of Appeals as successive habeas corpus petitions. Petitioner has objected to the recommendation. (*See* Pet'r Obj'ns, doc. 31.) But as the Petitioner himself recognizes, he does not actually object to any error of the Magistrate Judge; he instead objects "to the facts that have been relayed to him askew." (*Id.* at 2.) He asserts no objection to the findings that his habeas petition and motion should be transferred as successive habeas petitions. (*See id.* at 1-9.) Respondent has filed no response to the objections. For the reasons that follow, the Court accepts the Findings and Conclusions of the Magistrate Judge as the Findings and Conclusions of the Court.

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the filed objections, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court finds that the Findings and Conclusions of the Magistrate Judge are correct. It has conducted a de novo review and determination as to the issues to which Plaintiff has specifically objected. Having reviewed the remainder of the Findings, Conclusions, and Recommendation of the Magistrate Judge for clear error, it is satisfied that there is no clear error on the face of the record.

As found by the Magistrate Judge, the § 2254 petition constitutes a successive habeas petition. According to Petitioner, he has completed his sentences for the challenged convictions but satisfies the "in custody" requirement based upon the conviction he previously challenged in this Court in Cause No. 08-0554-G. (*See* Pet'r Reply, doc. 23, at 5, 7.) Because Petitioner is no longer in custody on the convictions he purports to challenge in this action, he may not directly attack those convictions. *See Brewster v. Quarterman*, No. 3:09-CV-0329-O, 2009 WL 2337742, at *2 (N.D. Tex. July 28, 2009) (accepting recommendation of Mag. J.). But he may indirectly attack "an expired conviction used to enhance his current punishment if the § 2254 petition can be read as a challenge to the current conviction." *Godfrey v. Dretke*, 396 F.3d 681, 684 (5th Cir. 2005) (relying on *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). Petitioner's current challenges to his 1994 convictions can be read as challenges to his current holding conviction. And that is how the Magistrate Judge viewed the challenges. Under that reading, the instant petition is successive. *See Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). Because Petitioner raises claims in this action that were or could have been raised in his federal petition in Cause No. 08-0554-G challenging the enhancement of his current punishment, this federal petition is successive within the meaning of 28 U.S.C. § 2244(b).

Likewise, as found by the Magistrate Judge, the motion seeking leave to file a Rule 60(b)

motion is properly construed as a successive habeas petition. Although there is no provision in the Federal Rules of Civil Procedure for seeking leave to file a motion under Fed. R. Civ. P. 60(b), the label used by the *pro se* litigant does not determine the nature and effect of the filing. *Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011). "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id.* at 426. There is absolutely no basis to construe the filing as a Rule 60(b) motion in this case. The Court has not yet entered any judgment in this case. Although Petitioner states in his motion that his federal habeas petition in Cause No. 7:98-CV-00219 "was wrongly denied because of the incorrect time calculations," he specifically asks for permission to show that his state judgments in Cause Nos. 17,713 and 17,594 are void. Given the statements in the motion, the Magistrate Judge did not err in construing the motion as a successive habeas petition.[1] *See Gonzalez v. Crosby,* 545 U.S. 524, 530-32 (2005).

As recommended by the Magistrate Judge, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1) and the motion for leave (doc. 25) are hereby **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO ORDERED this 30th day of September, 2013.**

**JORGE A. SOLIS**
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent Petitioner desires to seek relief from the judgment entered in Cause No. 7:98-CV-0219, the proper procedure is to file a motion under Fed. R. Civ. P. 60(b) in that action. *See Anders v. Quarterman*, No. 3:04-CV-2678-N, 2006 WL 1946398, at *1 (N.D. Tex. July 13, 2006) (accepting recommendation of Mag. J.). Of course, habeas petitioners "cannot use 'Rule 60(b) to present new claims for relief from a state court's judgment of conviction' or to 'attack[ ] the federal court's previous resolution of a claim *on the merits*.'" *Hernandez*, 630 F.3d at 427 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)). But habeas petitioners may seek relief under Rule 60(b) when their motions allege that the federal district court misapplied the statute of limitations. *Id.* Any Rule 60(b) motion filed in Cause No. 7:98-CV-0219 will naturally need to satisfy the timing requirements of Rule 60(c).